### GRIFFIN v. TODD.

*(Supreme Court, General Term, Second Department.   May 11, 1891.)*

APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
   Where the parties go to trial on the pleadings without objection, the objection that there was no specific denial of the allegations of the complaint cannot be afterwards raised on appeal.

Appeal from special term, Westchester county.

Action by Henry C. Griffin against John A. Todd to abate and remove certain obstructions from plaintiff's real estate, and to restrain the obstruction of the same. There was a judgment for defendant, and plaintiff appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Henry C. Griffin,* for appellant.   *Frank V. Millard,* for respondent.

PRATT, J. This appeal involves only questions of fact decided below upon conflicting testimony. The judge who saw the witnesses, and heard them testify, was better qualified to pass upon their credibility than an appellate court can be, merely from reading their testimony. There seems to be evidence to sustain all the findings of fact, and the conclusions of law are appropriate to such findings, and the judgment must therefore be sustained. The parties went to trial upon the pleadings without objection. Evidence was adduced to contradict the plaintiff's complaint and evidence, and in support of the allegations of the answer. Under such circumstances, it was the duty of the court to render a proper judgment upon the merits, without reference to the fact that there was not a specific denial of the allegations of the complaint. That point should have been raised upon the trial, when, if necessary, the defendant might have been allowed to amend. This contention is without merit upon another ground, and that is the fact that the answer substantially set up a denial by asserting facts which controvert the allegations in the complaint. We think either party had a right to repair the street to make it convenient and safe for both to travel upon, and the evidence fails to establish any unlawful acts on the part of the defendant which caused injury to the plaintiff; on the other hand, it clearly appeared that the defendant had greatly improved this highway, without detriment to any right of the plaintiff. Judgment affirmed, with costs.